**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

RICHARD W. BALL, Individually and on
Behalf of All Those Who are Similarly Situated                      **PLAINTIFF**

VERSUS                                                                 **CIVIL ACTION NO. 2:08cv188KS-MTP**

SAFECO INSURANCE COMPANY OF AMERICA                      **DEFENDANT**

## ORDER

This cause is before the Court on the motion to dismiss for lack of subject matter jurisdiction [Doc. #16] (July 1, 2009) filed by Defendant Safeco Insurance Company of America ("Safeco"). The motion is not opposed by Plaintiff Richard Ball. For reasons to follow, the motion to dismiss is well taken and should be **granted**.

### I

The Constitution provides, in Article III, § 2, that "the judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States." The current general-diversity statute permits federal district court jurisdiction over suits for more than $75,000 "between . . . citizens of different States." 28 U.S.C. § 1332(a). "[T]he potential recoveries of class members may not be aggregated to satisfy the § 1332(a) amount-in-controversy requirement." *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 n.6 (5th Cir. 2008) (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873 (5th Cir. 2002)). Under the Class Action Fairness Act ("CAFA"), the amount in controversy requirement can be met in class action suits if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 706 & n.15 (5th Cir. 2008) (citing § 1332(d)(2)). The class plaintiffs' claims can be aggregated to achieve CAFA's

amount in controversy requirement of $5 million. *Id.* at 706.

## II

Plaintiff Ball filed suit against Safeco on August 28, 2008. [Doc. #1]. Ball alleged that Safeco had wrongfully denied his insurance claim which stemmed from damages resulting from a power failure on his property in the days and weeks following Hurricane Katrina. *Id.* Ball had made an insurance claim for food that had spoiled as a result of the power outage in the amount of $1,649. *Id.* at ¶ 15. In the complaint, Ball also sought an unspecified amount of damages for mental anguish and damages to his creditworthiness and reputation. Additionally, Ball sought punitive damages and attorney fees.

The Court notified the parties on June 16, 2009, of its concern that the Court lacked subject matter jurisdiction over the case. Specifically, the Court indicated its doubts as to whether the amount in controversy requirement for diversity jurisdiction was satisfied. The Court asked the parties to consider whether Plaintiff Ball's claims exceeded $75,000 or whether all potential plaintiffs' claims would exceed $5 million.

In response to these inquiries, Defendant Safeco has produced evidence via affidavit establishing that it is extremely unlikely that the aggregation of all potential plaintiffs' claims could exceed (or even approach) $5 million. *See* Def.'s Ex. [Doc. #16-2] (July 1, 2009). Plaintiff Ball concedes that his claims alone do not exceed $75,000. Moreover, Ball has neither challenged the evidentiary proffer by Safeco, nor offered his own evidence establishing that the amount in controversy requirement under CAFA is satisfied. Accordingly, the Court concludes that the amount in controversy requirement for diversity jurisdiction is not satisfied in this case. Finding no other basis for exercising jurisdiction over the matter, the Court is compelled to dismiss the case without prejudice.

**III**

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion to dismiss for lack of subject matter jurisdiction [Doc. #16] is **granted**. IT IS FURTHERMORE ORDERED that the case be **dismissed without prejudice** and that all other pending motions be **denied as moot**.

SO ORDERED AND ADJUDGED on this, the 28th day of July, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE